## SHOWN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 17, 1926. Rehearing Denied June 21, 1926.)

No. 4695.

1. Criminal law ⚖══424(1)—Evidence of admissions by conspirator held competent against others as against objection that conspiracy had come to an end (Volstead Act [Comp. St. Ann. Supp. 1923, § 10138¼ et seq.]).

In prosecution for conspiracy to violate Volstead Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), evidence of admissions by one of alleged conspirators held competent against others; there being question for jury as to whether conspiracy had come to an end.

2. Conspiracy ⚖══48.

Evidence held sufficient to go to jury in a prosecution for conspiracy to violate Volstead Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.).

In Error to the District Court of the United States for the Southern Division of the District of Idaho; Frank S. Dietrich, Judge.

Claud Shown was convicted of conspiracy to violate Volstead Act, and he brings error. Affirmed.

Hugh N. Caldwell, of Caldwell, Idaho, for plaintiff in error.

H. E. Ray, U. S. Atty., Wm. H. Langroise, Sp. Asst. U. S. Atty., and Sam S. Griffin, Asst. U. S. Atty., all of Boise, Idaho.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. [1, 2] The plaintiff in error and three others were convicted under an indictment which charged

them with conspiracies to violate the Volstead Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) and with the commission of violations thereof. The plaintiff in error was found guilty of conspiring to manufacture intoxicating liquor, conspiracy to sell intoxicating liquor, and manufacturing intoxicating liquor, and jointly with others operating a stillhouse. The sole question presented on the writ of error is whether he was entitled to an instruction that the jury acquit him of the charges.

The evidence was that at Nampa, Idaho, the plaintiff in error was boarding at a hotel where others of the conspirators lodged, and that he was on intimate terms with them, that he owned an automobile, that he was associated with some of his codefendants in the use of automobiles, and one night when he and Hickman, one of his codefendants, and a man employed by the latter to haul supplies out to the stillhouse, drove up to a garage, the plaintiff in error exchanged cars with Hickman, and that Hickman paid for gasoline for the truck and two automobiles. It was shown that at the time of the arrest of Hickman and other defendants they were found in possession of the car of the plaintiff in error which was then being used for transporting moonshine whisky. Robinson, one of the codefendants of the plaintiff in error, stated to the sheriff who made the arrest that the plaintiff in error was connected with the operation of the still.

It is urged that the testimony was incompetent, that it was a declaration of one of the conspirators after the conspiracy had been abandoned, and that under the ruling of the trial court it was received only as against Robinson. The sheriff testified that he had a conversation with Robinson, not in regard to the still, but in regard to the whisky that was seized elsewhere on July 23, 1924, when some of the defendants were arrested, that the conversation was had a day or two after the arrest. On objection, the court ruled the testimony as to the whisky would be taken only as against Robinson. On cross-examination, however, counsel for one of the defendants elicited the fact that the witness gave to the sheriff the names of those who were connected with the still and mentioned the plaintiff in error as one of them. This was received without objection, it was drawn out by the defense, and it clearly was competent testimony to go to the jury. The defendants were operating a large still in which were found nineteen 52-gallon barrels of bran and sugar mash in a high state of fermentation and all of the utensils of

distillation, also a small quantity of moonshine whisky. At the time of Robinson's conversation with the sheriff, the still had just been seized. Even if objection had been made to the testimony on the ground that the conspiracy had come to an end, the objection would not have been sustainable. There was nothing to show that the conspiracy had come to an end. Whether or not it was ended would have been a question for the jury. Simpson v. United States (C. C. A.) 289 F. 188. The instructions of the court are not in the record, and we must presume that they properly covered all legal questions presented. We think the evidence against the plaintiff in error was sufficient to go to the jury.

The judgment is affirmed.